**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In Re:<br><br>**KAREN R. MERRITT,**<br>DEBTOR | Case No. 18-11840-MSH<br>(Chapter 13) |

**MOTION FOR RECONSIDERATION OF MOTION FOR EXPEDITED HEARING AND APPROVAL OF SHORTENED OBJECTION PERIOD**

**(Request for Expedited Determination)**

To the Honorable Melvin S. Hoffman, United States Bankruptcy Judge:

NOW COMES PENSCO Trust Company Custodian, f/b/o James P. Tiernan IRA ("Tiernan IRA"), and PENSCO Trust Company Custodian, f/b/o Richard J. Fagan ("Fagan IRA"), secured creditors in the above-captioned bankruptcy case (collectively "the IRAs"), and respectfully request this Honorable Court to reconsider its denial of the IRAs Motion for Expedited Hearing Approval of Shortened Objection Period ("the Motion") (See Docket No. 43). The IRAs contend, most respectfully, that the initial decision was "manifestly unjust" and that the Court should reconsider and allow the Motion. See *Nunes v. Ashcroft,* 348 F.3d 815, 815 (9th Cir. 2003).

IN SUPPORT of this Motion, the IRAs state as follows:

1. In denying the Motion, the Court stated as follows:

   "THERE APPEARS TO BE NO CONNECTION BETWEEN THE RELIEF REQUESTED IN THE STAY RELIEF MOTION (NAMELY TO COMMENCE AND/OR CONTINUE FORECLOSURE AND EVICTION PROCEEDINGS) AND THE CONCERNS RAISED IN THIS MOTION."

2. By way of this Motion, the IRAs reemphasize and underscore that there is clearly a connection between the relief requested, i.e., the need to move up the hearing date on the IRAs Motion for Relief from Automatic Stay and Co-Debtor Stay ("Motion for Relief") a mere two to three weeks, and the relief sought by the Motion for Relief.

3. Succinctly stated, the property which the IRAs seek relief from both

automatic stay and co-debtor stay to foreclose upon **is no longer owned by the Debtor** (emphasis added); instead, title has vested in the Town of Rehoboth only subject to an interested party redeeming the title back into the name of the Debtor.

4.  At the present time, the IRAs are incapable of conducting a foreclosure sale on the mortgaged property even if the Debtor had not filed bankruptcy.  To conduct a foreclosure, title to the property must still be vested in the mortgagor, in this case, the Debtor; otherwise, the mortgagee, in this case, the IRAs, have no ability to convey clear and marketable title to a third party purchaser at a foreclosure sale.

5.  As the IRAs mortgage did not require that real estate taxes be escrowed, and the IRAs Custodian, PENSCO Trust Company either did not receive any notice of the Land Court action which ultimately vested title in the Town of Rehoboth, or if it did, never notified, the respective beneficiaries, the IRAs were unaware of the situation until the proverbial eleventh hour and fifty-ninth minute.

6.  The connection between seeking relief from stay and urgent time constraints imposed to file a Petition to Vacate filed in the Land Court is that it would be manifestly unjust to effectively require the IRAs to expend another approximately $85,000.00, i..e, pay the Town of Rehoboth, before knowing with certainty whether relief from stay will be granted[1]; otherwise, the IRAs could be out another $85,000.00 on top of the approximately $1,000,000.00 that the IRAs are collectively owed.

7.  While the IRAs completely acknowledge and respect the Court's need and ability to manage its own docket, and that the Court is entitled to be presented with a legitimate reason for any party to "cut the line" by having a motion hearing advanced from its normal scheduled date, the IRAs contend that their exists very compelling

---

[1] It should be noted that the Debtor's Chapter 13 Plan, coupled with the Debtor's response to the Motion for Relief, request that Relief from Stay not be granted, that the Court wait until the outcome of a purported adversary proceeding, and then allow the Debtor to sell the subject property in an arm's length transaction.

circumstances to grant the relief requested.

8. Moving up the hearing date on the Motion for Relief would result in no prejudice whatsoever to the Debtor; failing to do so on the other hand, could very well result in enormous prejudice to the IRAs. Therefore, on balance, the prejudice to the IRAs far outweighs any prejudice to the Debtor. Moreover, none of the other interested parties have filed an objection to the Motion for Relief despite the fact that they have now had approximately two weeks to do so.

## **RELIEF REQUESTED**

9. For the foregoing reasons, and those expressed in the Motion for Relief itself, the IRAS respectfully request that the Court allow this Motion for Reconsideration.

Dated: July 24, 2018

Respectfully submitted,
The IRAS,
By their Attorney,

/s/ David M. Baker
David M. Baker, Esq.
D. Baker Law Group, P.C.
10 North Main Street
Fall River, MA 02720
(508) 674-3841
B.B.O. #638042

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In Re:<br><br>**KAREN R. MERRITT,**<br>DEBTOR | Case No. 18-11840-MSH<br>(Chapter 13) |

## CERTIFICATE OF SERVICE

I, David M. Baker, Esq., attorney-of-record for PENSCO Trust Company Custodian, f/b/o James P. Tiernan IRA ("Tiernan IRA"), and PENSCO Trust Company Custodian, f/b/o Richard J. Fagan ("Fagan IRA"), secured creditors in the above-captioned bankruptcy case, hereby certify that I served a copy of secured creditors' Motion for Reconsideration of Motion for Expedited Hearing and Approval of Shortened Objection Period ("the Motion") electronically through the Court's CM/ECF system upon all interested parties and upon the following parties:

**Counsel for Debtor**:
Constant S. Poholek, Jr., Esq.
30 Washington Street
Attleboro, MA 02703

**Chapter 13 Trustee**:
Carolyn Bankowski, Esq.
P.O. Box 8250
Boston, MA 02114

**Acting U.S. Trustee**:
John P. Fitzgerald
John. W. McCormack Post Office and Court House
5 Post Office Square, Suite 1000
Boston, MA 02109-3945

**Counsel for Creditor Ned Stevens, Inc.:**
Daniel E Burgoyne, Esq.
ROBERTS, CARROLL, FELDSTEIN & PEIRCE, INC.
Ten Weybosset Street, 8th Floor
Providence, RI  02903

I further certify that I served a copy of the Motion via first class mail, postage

prepaid upon the Debtor to 7 Brayton Woods, Rehoboth, MA 02769 and the Non-Filing Co-Debtor, James M. Cronan, to 7 Brayton Woods, Rehoboth, MA 02769; I served a copy of the Motion via certified mail, return receipt requested to the Internal Revenue Service, c/o the United States Attorney for the District of Massachusetts, addressed to the "Civil Process Clerk," John Joseph Moakley United States Federal Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA 02210; I served a copy of the Motion via certified mail, return receipt requested to the Massachusetts Department of Revenue, c/o Attorney General Maura Healey, 1 Ashburton Place, Boston, MA 02108-1518 and to Thomas Condon, Chief of the Litigation Bureau, P.O. Box 9550, 100 Cambridge Street, Boston, MA 02114-9550; and I served a copy of the Motion via certified mail, return receipt requested to the Town of Rehoboth, addressed to the Treasurer/Tax Collector, Cheryl A. Gouveia, Rehoboth Town Hall, 148 Peck Street, Rehoboth, MA 02769; and I served a copy of the Motion via certified mail, return receipt requested to Haddon Lincoln-Mercury, Inc., c/o John B. Haddon, 125 Coolidge Avenue, Watertown, MA 02472

Dated:  July 24, 2018                              /s/ David M. Baker                      
                                                             David M. Baker, Esq.